IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEBBIE R. LANGINO, and<br>MICHAEL J. LANGINO, | )<br>)<br>) | |
| Plaintiff, | )<br>) | CIVIL ACTION<br>FILE NO. _____ |
| v. | )<br>) | REMOVED FROM THE SUPERIOR |
| MERSCORP HOLDINGS, INC.,<br>et al., | )<br>)<br>) | COURT OF GWINNETT COUNTY<br>CASE NO. 11-A-12908-3 |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court for the Northern District of Georgia, Atlanta Division.

TO: Plaintiff

Defendants respectfully show herein the following:

1. A civil action has been brought against the Defendants in the Superior Court of Gwinnett County, State of Georgia, by the above-named Plaintiff, said action being designated as Civil Action No. 11-A-12908-3 (the "State Court Action").

2. A copy of all process, pleadings and orders sent to Defendants in the State Court Action is attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a), as Exhibit "A" hereto. Defendants preserve all affirmative defenses at

this time, including without limitation the affirmative defenses of insufficiency of process and insufficiency of service of process.

## BASIS FOR REMOVAL

3. Plaintiffs are residents of Gwinnett County, Georgia. (Compl. ¶ ¶ 1-2.)

4. Defendant NationStar Mortgage, LLC is a foreign limited liability company incorporated under the laws of Delaware with its principal place of business at 350 Highland Drive, Lewisville, Texas 75067.

5. Defendant MERSCorp Holdings, Inc. ("MERSCorp") is a foreign corporation with its principal place of business in Delaware.

6. Defendant MERSCorp, Inc. ("MERSCorp Holdings") is a foreign corporation with its principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190.

7. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a foreign corporation with its principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190.

8. Defendant McCurdy & Candler LLC is a domestic limited liability company with its principal place of business at 3525 Piedmont Road, Building 6, Suite 700, Atlanta, Fulton County, Georgia 30305.  Naming this Defendant in this action constitutes fraudulent joinder as discussed infra.

9. This case is removable under 28 U.S.C. § 1331, governing federal question jurisdiction. The Complaint alleges violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1698 as a substantial basis for the relief sought. <u>See</u> Compl. ¶¶ 118-123.

10. This case is also removable under 28 U.S.C. § 1332, which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States; …" 28 U.S.C. § 1332(a)(1).

11. The loan and Security Deed in question is in the original principal amount of $999,950.00. <u>See</u> Security Deed and Assignment, attached hereto as composite Exhibit "B" and incorporated herein by this reference. As the current amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the amount in controversy requirement is satisfied. <u>See</u> <u>Roper v. Saxon Mort. Svcs.</u>, 2009 WL 1259193 (N.D. Ga. May 5, 2009) (the original loan amount in a wrongful foreclosure/injunctive-relief-against-foreclosure case constitutes the amount in controversy).

12. Further, the value of the property at issue, the foreclosure of which Plaintiffs seek to enjoin, is also in excess of the jurisdictional minimum of 28 U.S.C. § 1332,

and appears to be at least $579,700.00, according to the online real estate valuation website www.zillow.com (last visited January 24, 2012).  See Exhibit "C" attached hereto.

13. In the Eleventh Circuit, "…courts look to the value of the property involved rather than the damages that might be suffered, to determine the jurisdictional amount in suits for injunctions…" Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961).[1]  "Underlying these cases is the principle that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Id. at 547-48 (emphasis added). Therefore, in cases in which the plaintiff seeks to enjoin a foreclosure of his or her property, the court determines the amount in controversy by looking to the value of the property at issue.[2]  See Frontera Trans. Co. v. Abaunza, 271 F. 199, 201 (5th Cir. 1921) (holding that value of property established amount in controversy in action to prevent defendant "from using his mortgage and these notes for any purpose, and to clear up the title to [plaintiffs] property"); Mapp v. Deutsche Bank Nat'l Trust Co.,

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (accepting as binding precedent all Fifth Circuit cases decided before October 1, 1981).

[2] Additionally, it is well recognized that the court can go outside the four corners of the complaint and review other documents provided at the time of removal to ascertain the jurisdictional amount in controversy. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007) ("if the jurisdictional amount is either stated clearly on the face of the documents before the court, or [is] readily deducible from them, then the court has jurisdiction"); Williams v. Best Buy, 269 F.3d 1316, 1319 (11th Cir. 2001) (in addition to the notice of removal, the court can look at any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed").

2009 WL 435069, at *3 (M.D. Ala. Feb. 18, 2009) (denying plaintiffs' motion to remand state court action to enjoin a foreclosure where the note and mortgage "establish[ed] unambiguously that the value of the house [was] at least $120,500"); Siewak v. AmSouth Bank, 2006 WL 3391222, at *3-5 (M.D. Fla. Nov. 22, 2006) (holding that the proper measure of amount in controversy where plaintiffs sought to avoid enforcement of judgment lien against plaintiffs' property was the property's market value); Lamarr v. Chase Home Finance, LLC, 2008 WL 4057301, at *3 (N.D. Miss. Aug. 26, 2008) (holding that the value of the property satisfied the amount in controversy where plaintiff sought to set aside foreclosure as a cloud on her title and the appraisal performed in conjunction with the underlying mortgage valued the property at $83,000); cf. FHLMC v. Williams, 2008 WL 115096 (N.D. Ga. Jan. 9, 2008) (holding that property value is not the proper measure of amount in controversy in an eviction proceeding, because only "the limited right to possession" is at issue in such cases).

14. Further, the amount in controversy is satisfied, because at the December 6, 2011 foreclosure sale which Plaintiff seeks to enjoin, the property sold for the value or sum of $525,000.00 according to the prepared Deed Under Power of Sale that will be submitted to the Gwinnett County Superior Court recording clerk upon its complete execution. See Exhibit "D" hereto.

15.     "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F. 3d 1284, 1287 (11th Cir. 1998).  Plaintiff names a domestic defendant, McCurdy & Candler LLC, herein.  Fraudulent joinder, however, is an exception to the complete diversity requirement.  <u>Id.</u>  The rule prohibiting fraudulent joinder is based on the principle that a plaintiff ought not to be allowed to destroy diversity jurisdiction by joining a resident defendant who has no real connection with the controversy.  <u>See</u> <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921).

16.     Fraudulent joinder of a domestic defendant can exist in three situations: (1) where there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant, (2) where there is outright fraud in the plaintiffs' pleading of jurisdictional facts, and (3) where the non-diverse defendant has no joint, several or alternative liability with the proper defendants and the claims against the non-diverse defendant have no connection to the claims against the proper defendants. <u>Triggs</u>, 154 F. 3d at 1278.

17.     All of the situations enumerated above apply most directly herein: Plaintiff falsely alleges a federal RICO claim against Defendant McCurdy & Candler LLC, which is merely the law firm that foreclosed on Plaintiff's residence for its client, NationStar Mortgage, L.L.C. <u>See</u> Compl. ¶¶ 118-123.

18.     Plaintiffs' RICO claim against McCurdy & Candler LLC fails as a matter of law.  "To state a viable RICO claim, Plaintiffs must identify the specific federal criminal statute(s) that Defendants violated (or conspired to violate), and plead facts sufficient to support each of the elements of same."  Brooks v. Suntrust Bank Mortg., Inc., 610-CV-821-ORL-31GJK, 2010 WL 3340311 (M.D. Fla. Aug. 25, 2010) (plaintiffs federal RICO claims dismissed for failure to cite federal criminal statutes). More damaging to their claims is they have not pleaded sufficient facts to bring a claim under RICO based on fraud. Rogers v. Nacchio, 241 F. App'x 602, 607–08 (11th Cir.2007) (requiring complaint alleging civil liability under RICO predicated on fraud to set forth precisely what fraudulent statements or omissions were made, time and place of each, person responsible for the same, content of such statements and manner in which they were misleading, and what defendants obtained as consequence of alleged fraud); Latonnelle v. CitiMortgage, Inc., 1:10-CV-04066-TWT, 2011 WL 4974839 (N.D. Ga. Aug. 22, 2011) report and recommendation adopted, Latonnelle v. CitiMortgage, Inc., 1:10-CV-4066-TWT, 2011 WL 4974827 (N.D. Ga. Oct. 18, 2011). Plaintiffs have not cited any federal criminal statutes nor have they pleaded facts with the specificity required by Rogers. 241 F. App'x 602 at 608.  Thus, there is no possibility that the plaintiff can

prove a cause of action against the non-diverse defendant McCurdy & Candler LLC.

19. The instant Notice of Removal is being filed timely; Defendant disputes that valid service has occurred herein. 28 U.S.C. § 1446.

20. Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as this action is presently pending in the Superior Court of Gwinnett County, Georgia, which is situated within the Northern District of Georgia, Atlanta Division.

21. To the extent Plaintiff has alleged claims arising under Georgia state law, this Court has supplemental jurisdiction over such claims, and Defendants explicitly consent to this Court's exercise of supplemental jurisdiction over such state law claims. See 28 U.S.C. § 1367.

22. As evidenced by counsel's signature below, all Defendants consent to the removal of this action.

WHEREFORE, Defendants file this Notice of Removal of said cause to this Court.

[SIGNATURE APPEARS ON NEXT PAGE]

This 24th day of January, 2012.

                                MCCURDY AND CANDLER, L.L.C.

By:  /s/Michael A. Albino
      Michael A. Albino
      Georgia Bar No. 431625
      Frank R. Olson
      Georgia Bar No. 553077
      Attorneys for Defendants

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-9250
(678) 237-0180 (fax)
malbino@mccurdycandler.com

CERTIFICATION

I HEREBY CERTIFY: (a) that this document was prepared using the Microsoft Word 2003 word processing program, (b) that it was prepared using the Times New Roman 14 point font and otherwise is in compliance with LR 5.1, NDGa, and (c) that I have this day caused to be sent by U.S. Mail, with adequate postage affixed to the envelope containing same, a copy of the within and foregoing pleading to the following recipients:

> Dale Calomeni, Esq.
> Calomeni & Associates, LLC
> P.O. Box 2358
> Roswell, GA 30075

This 24th day of January, 2012.

> MCCURDY AND CANDLER, L.L.C.
>
> By: /s/Michael A. Albino
> Michael A. Albino
> Georgia Bar No. 431625
> Frank R. Olson
> Georgia Bar No. 553077
> Attorneys for Defendants

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-9250
(678) 237-0180 (fax)
malbino@mccurdycandler.com